The opinion of the Court ivas delivered by

Mr. Justice. Colcock.

This fruitful source of litigation, I hope, is now nearly exhausted, and that at length the intention of the legislature, tp give the elections to the people, and the final determination as to their validity to the managers, is like to be accomplished. The objection now made to the competency of the court is, that a majority of the whole number of managers nominated by the legislature; did not sit and determine the' election. In the first place, I ask on what principle is it, that where a publick authority is delegated to any number, less than the whole may act? The answer is obvious, necessity and public convenience. Now if necessity and publick convenience may require that where all the managers of these elections are .alive and have qualified, a majority may act; does not the same reason operate *142 to authorize the managers of an election to act, where some of those who have been nominated, arc dead or have not qualified. The elaborate opinion which was delivered by my brother Nott, in the case of Deliesseline, renders it unnecessary for me to go at large into the investigation of this doctrine. He has there shewn, that where a quorum is fixed by law, in many cases, less than a majority have been deemed sufficient to constitute such quorum, and also the consent of those who do not act is sometimes implied. In short, that the doctrine is not settled upon fixed and established principles. But if the general rule could be considered as established, there. certainly may be cases, where from the provisions of the law, the nature of the duly to be performed and a variety of other circumstances, it might be clearly shewn that it was not intended that a majority should be required; and such is unquestionably the' case now presented for consideration. The act regulating the mode of electing sheriffs, declares that the elections shall be conducted in the same manner as those for members of the general assembly, and by the same managers. In the act, 77 section of Brevard, Title Sheriffs it is laid down “that all laws regulating the election of members to the general assembly, shall apply to the elections by this act prescribed to be held for the office of sheriff/’ and the power is given generally to the managers of each district, although in some, the number is twice as great as in others: and although the legislature have appointed three managers to each place of election, it has been repeatedly decided that one manager is sufficient to hold a poll, and that the only object in appointing three, was to ensure to the people an opportunity to vote. In the execution of this power, it is well known to every member of the legislature, that all the managers of a district never meet at the counting of the votes. Sometimes the votes of one place are sent to the place of general meeting by an indifferent person, not one of the managers of the poll attending; and, further, that members of that body are daily suffered to take their seats, with a return of one third, or even less of the managers. From all which it may be deduced:
1st. That the legislature, in passing the act, had no regard to numbers; that they meant to commit die matter to the mana» gers, or so many as should act;
*143 '2d. That they intended the elections of sheriffs to be conducted as they well knew the elections for members to the legist lature were conducted; and again, that they meant that the final determination should be made by those who should meet to count -the votes and declare the election. For the act further provides, that when they meet to declare the election, if any one is dissatisfied, he shall on that day, and in writing, give notice to the said managers: What managers? To whom could he give notice in writing, and on that day, but to those who were present? Which said managers shall form themselves into a board, to hear and determine the matter:-What managers? Those who are present and notified. I might descend to other particulars: the season of the year; the usual mihealthiness of that season: the time which it requires for the managers to collect on the day-on which the votes are counted, 8sc. But, I think, enough has been said to shew the intention of the legislature. The objection to this reason is, that it may give to a very few of the managers, the final determination of this matter, and the objection is stated with great earnestness and some appearance of alarm,. For my own part, lead where it may, I am ready to follow; nor do I stand alone. I am satisfied that the legislature intended to provide. á speedy determination of the matter, and that they thought it of more importance that there should be a determination, than that that determination should he right. But what cause of alarm can exist? When we look to the duty to be performed, I venture to say, it is one of the most simple in which any operation of mind can be required. In fact, it is a duty which might be as well performed by any one plain man as by forty, and I have no doubt with as much security to the public welfare. But a majority of my brethren think it sufficient to determine the case before us; I shall therefore, say nothing as to the number which I think may determine on the validity of an election. By law, the managers of elections are requii’ed to take an oath before they act. The mere nomination of the legislature, therefore, does not make one a manager. There were then in reality only fourteen managers in this district at the time of the election; so that upon the whole, it is manifest that the legislature meant at least to commit this matter to the acting managers in each district; a majority ©f whom having .in the case before tfs *144 formed themselves into a board, were legally authorized to hear and determine the case. But as I suggested below, if this view were not taken, I am at a loss to perceive any reason for granting a rule in tills case. For this court could not pronounce a judgment of ouster against the incumbent, who is in office by the commission of the governor, without some evidence that he had not been duly elected; and after the decision in the case of Green & Shackleford, I am at a loss to perceive how that information could be obtained.
King, for motion.
Dunlcin, contra.
Motion dismissed. —
Gantt, Johnson, Richardson and Huger, Justices, concurred.